UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN LINDHURST,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF BERKELEY, et al.,<br><br>    Defendants. | Case No. 23-cv-04513-HSG<br><br>**ORDER GRANTING DEFENDANT CITY OF BERKELEY'S MOTION TO DISMISS AND ITS REQUEST FOR JUDICIAL NOTICE**<br><br>Re: Dkt. Nos. 14, 15 |

Pending before the Court is Defendant City of Berkeley's motion to dismiss and its associated request for judicial notice. Dkt. Nos. 14, 15. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **GRANTS** the City's motion to dismiss and its request for judicial notice.

I.  **BACKGROUND**

On August 31, 2023, Plaintiff Brian Lindhurst ("Plaintiff") filed a complaint against the City of Berkeley ("the City" or "Defendant") and David Marble. *See* Dkt. No. 1 ("Compl."). In his complaint, Plaintiff alleges that in July 2022, after a visit to his friend's home in Antioch, Defendant Marble emerged from the neighboring house and proceeded to yell racial epithets and other insults at Plaintiff, physically charge and punch Plaintiff, and brandish a semi-automatic handgun at Plaintiff while stating "I am the Law." *Id*. ¶¶ 9–15. Following this incident, Plaintiff sued Defendant Marble, and named his purported employer – the City of Berkeley – as an additional defendant. He did so on the theory that the City "is vicariously liable under principles of respondeat superior for the California state law violations alleged against the individual defendant officer." *Id*. ¶ 6. These claims, which Plaintiff asserts against both Defendant Marble

1  and the City, include violations of the Bane Act (Civ. Code § 52.1) and the Ralph Civil Rights Act
2  (Civ. Code § 51.7), and claims of negligence, assault and battery, intentional infliction of
3  emotional distress, and false imprisonment.[1] *Id.* ¶¶ 23–52.  Plaintiff alleges that he may bring suit
4  against the City, a public entity, because he complied with the administrative prerequisites by (1)
5  submitting a claim under the California Tort Claims Act on January 12, 2023, (2) receiving notice
6  that the claim was rejected on March 1, 2023, and (3) filing suit on August 31, 2023.  *Id.* ¶ 8.

   Though Defendant Marble answered Plaintiff's complaint, Dkt. No. 13, Defendant City of
   Berkeley filed a motion to dismiss it on November 13, 2023, arguing that Plaintiff did not timely
   file his suit, and that his state law claims are consequentially barred by the statute of limitations.
   Dkt. No. 14 ("Mot.").  The matter is now fully briefed.  *See* Dkt. Nos. 19 ("Opp"), 25 ("Reply").

## II.   LEGAL STANDARD

   Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).  "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).  To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

   In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

---

[1] Plaintiff also brings a separate cause of action under 42 U.S.C. § 1983 against Defendant Marble individually.  *See* Compl. ¶¶ 18–22.

2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.     REQUEST FOR JUDICIAL NOTICE

Before turning to the City's motion to dismiss, the Court first resolves its request for judicial notice. Dkt. No. 15. Defendant asks the Court to judicially notice two documents: (1) Plaintiff's Government Claim and (2) the City's rejection of that Government Claim ("Rejection Notice"). *Id*. The Court **GRANTS** Defendant's request.

### A.     Legal Standard

In *Khoja v. Orexigen Therapeutics*, the Ninth Circuit clarified the judicial notice rule and incorporation by reference doctrine. *See* 899 F.3d 988 (9th Cir. 2018). Under Federal Rule of Evidence 201, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Accordingly, a court may take "judicial notice of matters of public record," but "cannot take judicial notice of disputed facts contained in such public records." *Khoja*, 899 F.3d at 999 (citation and quotations omitted). The Ninth Circuit has clarified that if a court takes judicial notice of a document, it must specify what facts it judicially noticed from the document. *Id*. at 999. Further, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Id*. As an example, the Ninth Circuit held that for a transcript of a conference call, the court may take judicial notice of the fact that there was a conference call on the specified date, but may not take judicial notice of a fact mentioned in the transcript, because the substance "is subject to varying interpretations, and there is a reasonable dispute as to what the [document] establishes." *Id*. at 999–1000.

Separately, the incorporation by reference doctrine is a judicially created doctrine that allows a court to consider certain documents as though they were part of the complaint itself. *Id*. at 1002. This is to prevent plaintiffs from cherry-picking certain portions of documents that support their claims, while omitting portions that weaken their claims. *Id*. Incorporation by reference is appropriate "if the plaintiff refers extensively to the document or the document forms the basis of plaintiff's claim." *Khoja*, 899 F.3d at 1002. However, "the mere mention of the

3

existence of a document is insufficient to incorporate the contents" of a document. *Id*. at 1002. And while a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss … it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint." *Id*.

### B. Analysis

The Court finds that under either the judicial notice or incorporation by reference doctrine, consideration of the claim form and the City's Rejection Notice is appropriate. For one, the facts at issue (namely the document dates) can be accurately and readily determined from the face of the documents, which are public records whose accuracy "cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Moreover, since Plaintiff's lawsuit against the City, a public entity, is premised upon his compliance with the administrative prerequisites, his claim form and the associated Rejection Notice "form the basis" of his current lawsuit. Plaintiff also sets forth allegations in his complaint regarding these prerequisites, *see* Compl. ¶ 8, making the documents properly incorporated by reference.

Finding consideration of these documents appropriate, the Court takes notice of the following facts contained within them: (1) that Plaintiff's claim form was dated January 12, 2023 and was marked as received by the City Attorney on January 17, 2023, *see* Dkt. No. 15 at 6–8, and that (2) the City's Rejection Notice was dated February 23, 2023, advised Plaintiff that he had "six (6) months from the date this Notice of Rejection . . . to file a court action on this Claim," and was accompanied by a proof of service declaring that the notice was "placed . . . in the outgoing mail" to Plaintiff's address that same day, *id.* at 16–17.

## IV. DISCUSSION

The City argues that because Plaintiff filed his lawsuit after the expiration of the six-month statute of limitations contained at California Government Code § 945.6, the claims against it must be dismissed. *See generally* Mot. The Court agrees.

Importantly, the parties do not dispute that California Government Code § 945.6 controls the analysis of whether Plaintiff's state law claims are timely. The Government Code establishes "a true statute of limitations defining the time in which, after a claim presented to the government

4

has been rejected or deemed rejected, the plaintiff must file a complaint alleging a cause of action based on the facts set out in the denied claim." *Shirk v. Vista Unified Sch. Dist.*, 42 Cal. 4th 201, 209 (Cal. 2007) (discussing § 945.6).  More specifically, the statute draws the line for initiating suit against a public entity for rejected state law claims at "six months after the date such notice is personally delivered or deposited in the mail." Cal. Gov. Code § 945.6.  In other words, an individual who receives a notice of rejection has six months to either file an action against the public entity or forfeit the ability to pursue the raised and rejected state law claims.

Since the parties are also in agreement as to when Plaintiff's suit was filed (August 31, 2023), the only disagreement – which turns out to be dispositive – is when the six-month clock started to tick.  Plaintiff argues that the clock started on March 1, 2023, the day he received the Rejection Notice, and that as such, his suit was timely filed by the expiration of six-month statutory period on September 1, 2023.  But Defendant argues that operative date is not when Plaintiff *received* the Rejection Notice, but when the City *mailed* it.  *See* Cal. Gov. Code § 945.6 (stating that deadline falls "six months after the date such notice is personally delivered or **deposited in the mail**") (emphasis added).  Based on this logic, the statutory clock started on February 23, 2023 and ran on August 23, 2023—eight days before this lawsuit was filed.

Defendant has the better of these arguments.  The relevant authorities hold that when a notice of rejection is served by mail, the date on which it was mailed – rather than received – is the date that triggers the start of the six-month statute of limitations.[2]  Mot. at 6; *see, e.g.*, *Edgington v. County of San Diego*, 118 Cal.App.3d 39, 47 (1981) (the statute of limitations period runs "from the date the notice is deposited in the mail by the public entity, and not the date it is received by the claimant or counsel").  In this case, the date that the City mailed the Rejection Notice is not in

---

[2] Based on the judicially noticed documents and the parties' briefing, the Court finds it undisputed that the City mailed the Rejection Notice, and that "personal[] deliver[y]" of the Rejection Notice is not at issue.  Though Plaintiff alleges in his complaint that he "received notice/personal delivery," Compl. ¶ 8, he does not argue in his opposition that the City "personally delivered" the Rejection Notice rather than "deposit[ing it] in the mail."  On the contrary, Plaintiff concedes in his opposition that the Rejection Notice was "served fand effectively noticed by mail." Opp. at 8.  In light of this position and the judicially noticeable public records, the Court construes the allegation that he "received notice/personal delivery" of the Rejection Notice to mean that he received the notice upon its delivery to his personal address.

5

1  dispute. The Rejection Notice, which the Court has judicially noticed and finds appropriate to
2  consider, is dated February 23, 2023, *see* Dkt. No. 15 at 16, and is accompanied by a sworn proof
3  of service stating that it was deposited in the outgoing mail that same day. Dkt. No. 15 at 17.
4  Plaintiff has not raised any arguments that cause the Court to doubt that the Rejection Notice was
5  in fact mailed that day. As such, the Court finds that the six-month limitations period commenced
6  on February 23, 2023 and ended on August 23, 2023. It also finds, over Plaintiff's unsupported
7  argument to the contrary, that the City's choice to mail the Rejection Notice does not push back
8  the end of the limitations period by five (or any) days. *See* Mot. at 6; Reply at 3.[3] Therefore,
9  since Plaintiff filed his suit on August 31, 2023 – after the six-month limitations period ended –
10 the Court concludes that the state law causes of action he brings against the City are time-barred.[4]
11     Despite his tardy filing, Plaintiff urges that dismissal is improper because any
12 noncompliance is "innocuous at best" and did not prejudice the City. Opp. at 8. But Plaintiff does
13 not cite any on-point authorities to support his position that deviation from the six-month
14 limitations period imposed by § 945.6 is permissible so long as there is no prejudice. *Id*. at 8

---

[3] In an attempt to argue that service by mail extends the limitations period by five days, Plaintiff cites *Cole v. Los Angeles Unified Sch. Dist.*, 177 Cal. App. 3d 1, 4 (Ct. App. 1986) as purportedly holding the following in the context of Cal. Gov. Code § 945.6: "The service is complete at the time of the deposit [of the rejection], but any prescribed period of notice and any right or duty to do any act or make any response within any prescribed period or on a date certain after the service of such document served by mail shall be extended **five days** if the place of address is within the State of California." Opp. at 8. However, the text quoted by Plaintiff is actually a discussion of an entirely different statute (namely Code of Civil Procedure § 1013(a)), and *Cole* itself specifically goes on to hold that § 1013(a) does *not* enlarge the six-month limitations period contained at Cal. Gov. Code § 945.6. *Cole*, 177 Cal. App. 3d 1 at 4 ("It is well established by case law that the six-month limitation period in Government Code section 945.6 starts to run when the notice of rejection has been either personally served or deposited in the mail and **the time is not extended five additional days** by Code of Civil Procedure Section 1013.") (emphasis added). The Court warns Plaintiff's counsel not to misrepresent case holdings this way again, in this or any other case.

[4] Plaintiff argues that because California precedent holds that "six months" means 182 days, and because he filed his complaint 181 days after the Rejection Notice was sent, his suit is timely. Opp. at 8. While the Court does not disagree that California courts so hold, it disagrees that mathematic principles support Plaintiff's convoluted timeliness argument. To turn the 189 days between the operative start date and the complaint's filing date into 181 days, Plaintiff first begins counting at March 1, which is unsupportable for the reasons already discussed. Plaintiff then, without citing any authority, concludes that the three federal holidays that fall within the six-month limitations period augment the period by that same length. Seeing no support for starting the clock on March 1 or augmenting the limitations period by three days to account for intervening holidays, the Court is not persuaded that Plaintiff submitted initiated his suit within 182 days of the operative date, February 23, 2023.

1  (citing *J.J. v. County of San Diego*, 223 Cal.App.4th 1214, 1221 (2014), *as modified on denial of*

2  *reh'g* (Mar. 7, 2014) (discussing the deadline for presenting a Government Claim to a public entity

3  under Gov. Code § 946.6); *Gillette v. Burbank Cmty. Hosp.*, 56 Cal. App. 3d 430, 434 (Ct. App.

4  1976) (ruling on the validity of a summons)).  This is likely because prejudice does not factor into

5  the analysis at hand: the caselaw on § 945.6 holds that the six-month statutory deadline is not a

6  flexible suggestion, but rather a firm requirement.  *See Cole*, 177 Cal. App. 3d at 5 ("The statutory

7  period of limitations for actions against a public entity are mandatory and must be strictly

8  complied with. A failure to start the action within the statutory time period is a valid ground for

9  dismissal of the action."); *see also Julian v. City of San Diego*, 183 Cal.App.3d 169, 176 (1986)

10 (same); *Turner v. Pallares*, No. 121CV01721JLTBAMPC, 2023 WL 4274379, at *4 (E.D. Cal.

11 June 29, 2023), *report and recommendation adopted*, No. 121CV01721JLTBAMPC, 2023 WL

12 5381153 (E.D. Cal. Aug. 22, 2023) (citing and quoting *Julian* with approval); *Hunter v. Los*

13 *Angeles Cnty.*, 262 Cal. App. 2d 820, 822 (Ct. App. 1968) (affirming dismissal of lawsuit filed

14 four days late).

15      Plaintiff makes additional, overlapping arguments as to why the Court cannot dismiss the

16 City from the suit.  Though somewhat hard to follow, these arguments appear to boil down to an

17 insistence that the City cannot be dismissed from the suit because it is vicariously liable for

18 Defendant Marble's deeds, such that it is now "inseverable from" and "tethered to" to the case.[5]

19 Opp. at 9, 11–12.  But here, the only proper vehicle for effectively tethering the City to the case is

20 a viable cause of action against it: belief in its indispensability to the action is not sufficient.  And

21 the Court has already concluded that every cause of action that named the City as a defendant is

22 time-barred, such that no viable claims against it stand.  If Plaintiff views the City as essential to

23 the Section 1983 claim which he previously asserted just against Defendant Marble, and if he

---

[5] One of the more puzzling offshoots of this argument is the claim that the defendants are somehow so enmeshed that the City waived its right to file this motion when Defendant Marble filed his answer. Opp. at 9.  But Plaintiff has not suggested that they are somehow alter egos; Defendant Marble is a separate party with separate counsel and separate defenses. The City does not represent Defendant Marble, or vice versa.  As such, the Court sees no basis for concluding that Defendant Marble's choice to answer the complaint divested the City of its right to file its motion to dismiss.

maintains that new fact development supports bringing such a claim against the City, *see* Opp. at 10, he should take the appropriate steps to amend his complaint accordingly.  But the Court sees no justification for keeping the City in the suit when all the state claims asserted against it cannot move forward.

As such, the Court **GRANTS** the City's motion to dismiss.

## V. CONCLUSION

The Court **GRANTS** the motion to dismiss, Dkt. No. 14, and the associated request for judicial notice, Dkt. No. 15.  Since granting Plaintiff leave to amend his time-barred state law claims against the City would be futile, dismissal is without leave the amend.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009); *see also Maximo v. San Francisco Unified Sch. Dist.*, No. C 10-3533 JL, 2011 WL 1045292, at *10 (N.D. Cal. Mar. 21, 2011).

The Court further **SETS** a telephonic case management conference on February 27, 2024, at 2:00 p.m.  The parties' joint case management statement is due on February 20, 2024.  All counsel shall use the following dial-in information to access the call:

Dial-In: 888-808-6929

Passcode: 6064255

All attorneys and pro se litigants appearing for a telephonic case management conference are required to dial in at least 15 minutes before the hearing to check in with the courtroom deputy.  For call clarity, parties shall NOT use speaker phone or earpieces for these calls, and where at all possible, parties shall use landlines.

**IT IS SO ORDERED.**

Dated: 2/7/2024

HAYWOOD S. GILLIAM, JR.
United States District Judge